UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOCRATES a/k/a MICKEY S. FERDYNAND, <br><br> Plaintiff, <br><br> v. <br><br> MANPOWER GROUP, et al., <br><br> Defendants. | Case No. 25-cv-12243 <br><br> Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Socrates commenced this employment discrimination action under the Americans with Disabilities Act (ADA) against Manpower Group, the Great Lakes Water Authority, and Experis US, Inc. Before the Court is Socrates's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

>(i) is frivolous or malicious;
>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Before filing an ADA employment discrimination lawsuit in federal court, the plaintiff must exhaust his administrative remedies by filing a discrimination charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged discriminatory conduct. *See* 42 U.S.C. § 2000e-5(e)(1). The filing period may be extended to 300 days where the alleged discrimination occurred in a jurisdiction that has a "[s]tate or local law prohibiting the unlawful employment practice alleged," and a "[s]tate or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(d), (e)(1).

2

Within these jurisdictions – known as "deferral jurisdictions" – the 300-day filing period governs so long as the plaintiff "instituted proceedings with [the applicable] State or local agency." *Id.*; 29 C.F.R. § 1601.13. Michigan is a deferral jurisdiction and the Michigan Department of Civil Rights (MDCR) is the state agency charged with investigating unlawful employment practices. *See* 29 C.F.R. § 1601.13; *see also Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 827 (6th Cir. 2019).

Since the EEOC and MDCR have a work-sharing agreement, an ADA discrimination charge is timely "if within 300 days of the allegedly discriminatory acts [the plaintiff] either (a) institutes proceedings with the state agency and also then files the charge with the EEOC, or (b) files only with the EEOC, which under the work-sharing agreement, refers the charge to the applicable state agency." *Logan*, 939 F.3d at 828; *see also Ayers v. Enviro-Clean Servs.*, No. 20-1628, 2021 U.S. App. LEXIS 13052, at *5-6 (6th Cir. Apr. 30, 2021).

Here, the complaint alleges that defendants terminated Socrates's employment on May 23, 2024. (ECF No. 1, PageID.5; ECF No. 1-2, PageID.17). And Socrates acknowledges that he filed his EEOC charge on July 11, 2025. (ECF No. 1, PageID.7; ECF No. 1-2, PageID.18). Because more than 300 days elapsed between the alleged discriminatory conduct and Socrates's filing of the EEOC charge, he failed to timely exhaust the administrative remedies necessary to pursue an ADA

claim. *See Marcum v. Oscar Mayer Foods Corp.*, 46 F. App'x 331, 333 (6th Cir. 2002) ("The failure to timely exhaust available administrative remedies is an appropriate basis for dismissal of the ADA action.").

That leaves the remaining causes of action. Since the amended complaint does not contain sufficient factual allegations to state a plausible claim for relief under the Rehabilitation Act, the Lanham Act, the Occupational Safety and Health Act, the Fair Labor Standards Act, the Family Medical Leave Act, and Executive Orders 11246, 13145, 13548, and 13583, Socrates may not proceed further with any of these causes of action.[1] *See* Fed. R. Civ. P. 8(a)(2) (stating that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly,

IT IS ORDERED that Socrates's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

---

[1] President Trump revoked Executive Orders 11246 and 13583 earlier this year. *See* Exec. Order No. 14173 § 3(a)(ii), (b)(i), 90 Fed. Reg. 8633, 8634 (Jan. 21, 2025).

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed. The ADA claim is dismissed with prejudice. The remaining causes of action are dismissed without prejudice.

IT IS FURTHER ORDERED that Socrates may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: August 8, 2025                                s/ Robert J. White
                                                    Robert J. White
                                                    United States District Judge